# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

ANTONIO FERNANDO WALKER, )
)
Plaintiff, )
)
v. ) Case No. 7:19-cv-01071-KOB-JHE
)
SHERIFF RON ABERNATHY, )
)
Defendant. )

## MEMORANDUM OPINION

The magistrate judge filed a report on June 1, 2020, recommending this action be dismissed without prejudice for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b). (Doc. 10). The plaintiff has filed objections to the report and recommendation. (Doc. 13).

In his complaint, the plaintiff complained of conditions of confinement in the Tuscaloosa County Jail, where he was incarcerated from December 1, 2018 to May 24, 2019. (Doc. 1 at 4).[1] He alleged that he was required to sleep on the floor, his three daily meals were served cold, and the ventilation system was "filthy beyond reasonable measures." (*Id.*). He also complained that he has a scar above his right eye after hitting his eye on the corner of a table upon waking up under the table. (*Id.* at 3). He stated he was only provided a band-aid "for the leaking blood." (*Id.* at 3).

---

[1] The plaintiff was transferred to Easterling Correctional Facility in Clio, Alabama. (Doc. 1 at 3–4).

The magistrate judge found that the plaintiff had not described conditions sufficiently extreme to state a claim under § 1983. (Doc. 10 at 4). Specifically, the plaintiff did not plead facts sufficient to establish the objective component of the Eighth Amendment. (*Id.* at 5). Furthermore, the magistrate judge noted that the plaintiff's allegation that he received only a band-aid for the cut above his eye failed to describe a sufficiently serious medical need and fell short of describing grossly incompetent or inadequate medical care. (*Id.*).

In his objections, the plaintiff argues that did not have a mattress when he slept on the floor while housed in the Tuscaloosa County Jail. (Doc. 13 at 2). In his complaint, the plaintiff had stated only that he "had been sleeping on the floor while incarcerated." (Doc. 1 at 3). In citing *Hamm v. Dekalb County,* 774 F.2d 1567, 1575 (11th Cir. 1985), the magistrate judge noted that "[t]he fact that the plaintiff had to temporarily sleep on a mattress on the floor because of overcrowding . . . does not amount to a constitutional violation." (Doc. 10 at 4). Now, the plaintiff insists that he did not have a mattress. (Doc. 13 at 2–3). Although the plaintiff repeatedly states that he was not given a mattress, he does not allege that he asked for one. (*See* Doc. 1 at 3–4 and Doc. 13 at 2–3). The plaintiff attached his jail grievance form to his complaint. (Doc. 1 at 5–6). In his grievance, the plaintiff complained to jail officials about sleeping on the floor. (*Id.*). The plaintiff *never* requested or even mentioned a mattress. (*Id.*). *See  Chandler v. Crosby,* 379 F.3d

1278, 1289 (11th Cir. 2004) (Along with an objective component, a prisoner must satisfy the subjective element by showing that prison officials acted with deliberate indifference.); *see also, Alfred v. Bryant,* 378 F. App'x 977, 980 (11th Cir. 2010) (*per curiam*). ("Objectively speaking, sleeping on a steel bed without a mattress for eighteen days, though uncomfortable, is not so extreme as to violate contemporary standards of decency.").

Furthermore, in his complaint, the plaintiff alleges "stress and mental anguish, as well as pain," from sleeping on the floor, but no physical injury. (Doc. 1 at 4). The plaintiff's scar above his right eye, resulting from a cut when he hit the corner of a table under which he was sleeping, does not meet the requisite standard of "an unreasonable risk of serious damage" to his health or safety. *Chandler,* 379 F.3d at 1289; *see also, Alfred,* 378 F. App'x at 979 ("[N]one of Alfred's purported physical and mental injuries (i.e., stiffness, lower back pain, headaches, vomiting, constipation, grief, anxiety, distress, and fear) indicate that the challenged prison conditions constituted 'an unreasonable risk of serious damage' to his health or safety."). For these same reasons, the plaintiff's complaint of pain in his shoulder "intensif[ying]" as a result of sleeping on the floor does not constitute an unreasonable risk of damage to his health. (Doc. 13 at 3).

The magistrate judge also found that the fact that the plaintiff was served cold food did not amount to a constitutional violation. (Doc. 10 at 4). In support of this

finding, the court cited *Hamm,* 774 F.2d at 1575, which held that "[t]he fact that the food . . . sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." (*See* Doc. 10 at 4, n. 2).  The plaintiff objects, stating "all 3 meals were ALWAYS served cold." (Doc. 13 at 4).  Although he claims that the "cooked foods . . . when left sitting out . . . will collect bacteria" and "[t]his is a blatant disregard of the inmates well-being/health," these statements are conclusory and unsupported by facts.  (*Id.*).  Moreover, the plaintiff has not shown any injury to his health from eating cold food.

     Finally, the magistrate judge rejected the plaintiff's general allegation that the ventilation system was "filthy" because the plaintiff did not sufficiently describe conditions which had subjected him to an "unquestioned deprivation of basic human needs." (Doc. 10 at 4).  The plaintiff objects, stating that "[t]he ventilation system has visible clots of dust and black mold spots around and on its vent covers, accumillating [sic] more dust particles that I had to breathe in daily, from the date of December 1, 2018 to May 24th, 2019." (Doc. 13 at 4–5).  Even though the plaintiff argues that this condition is "a wanton and unnecessary infliction of pain to the plaintiff, other inmates, and the staff's respiratory system[,] [w]hich can possibly lead to death," the plaintiff provides no evidence of injury to support his conclusory

statements. (*Id.* at 5).[2] The magistrate judge already noted in his report that the plaintiff had made no effort to show how he had suffered an actual injury from the ventilation system. (Doc. 10 at 4, n. 3). The plaintiff's objections do not change the fact that "a prisoner's mere discomfort, without more, does not offend the Eighth Amendment." *Chandler,* 379 F.3d at 1295.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections to it, the court hereby ADOPTS the magistrate judge's report and ACCEPTS his recommendation. In accordance with 28 U.S.C. § 1915A(b), this action is due to be dismissed without prejudice for failing to state a claim upon which relief can be granted.

The court will enter a separate Final Judgment.

DONE and ORDERED this 25th day of September, 2020.

*/s/ Karon O. Bowdre*
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE

---

[2] The plaintiff also emphasized that the ventilation system can cause harm, "especially during a time such as now with the Covid-19 pandemic." (Doc. 13 at 5). Because the plaintiff is no longer in the Tuscaloosa County Jail and has not been there since May 24, 2019, this allegation is immaterial.

5